IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FRED ERBY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 13-3393-CV-H-MDH |
| WARDEN LINDA SANDERS, | ) ) ) |
| Respondent. | ) ) ) |

## REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners (USMCFP), petitions this Court for a writ of habeas corpus challenging his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the undersigned finds that Petitioner's claims are without merit, it will be recommended that the petition be **DENIED**.

### FINDINGS OF FACT

*Procedural Background*

Erby alleges that that his 2013 confinement at USMCFP pursuant to 18 U.S.C. § 4246 was unlawfully secured without a hearing, in violation of his due process rights guaranteed by the constitution. A review of *United States v. Fred Erby*, Case No. 08-cv-3022-MDH (W.D. Mo. filed January 18, 2008), the underlying petition to determine the mental status of a prisoner pursuant to 18 U.S.C. § 4246, indicates that after a hearing and subsequent written recommendation by United States Magistrate Judge James C. England, United States District Judge Richard E. Dorr granted the government's petition for civil commitment under section

4246 on October 15, 2008, and committed Erby to the custody of the Attorney General (Doc. 22). The Eighth Circuit affirmed the commitment on appeal (Doc. 37).

On January 22, 2010, upon the government's motion for conditional release, and after a hearing held by and written recommendation of Magistrate Judge England, Judge Dorr issued an order conditionally releasing Erby from his confinement, pursuant to section 4246(e)(2). Upon release, Erby resided in Memphis, Tennessee. On November 15, 2010, the government filed a motion to revoke Erby's conditional release on the basis that he had violated the conditions that he not be in possession of any type of weapon and that he not commit another crime, by allegedly sexually assaulting a woman at knife point in October 2010 (Doc. 52). Magistrate Judge England issued a warrant for Erby's arrest based on the allegations in the motion to revoke conditional release.[1]

Erby returned to USMCFP on August 8, 2013 (Doc. 64). A Risk Assessment Panel conducted a psychological examination on September 13, 2013, and issued a report on September 25, 2013, finding that Erby suffered from Schizophrenia, but recommending that his condition was "well-managed by psychiatric medication" such that his conditional release "would not create a substantial risk of bodily injury to another person or serious damage to property of another" (Doc. 65-1, pp. 14-15). After the submission of the Risk Assessment Panel report for the Court's review, the government filed a motion for Erby's conditional release. The Court held a hearing on November 19, 2013, at which time the government withdrew its Motion for Revocation of Conditional Release based on the Risk Assessment Panel report and Erby's acquittal of the state sexual assault charges. The government further asked the Court to

---

[1] Erby was charged with sexual assault in Tennessee state court and was held in the custody of the state of Tennessee pending trial. Erby was eventually acquitted of the charges. Upon acquittal, on July 23, 2013, Erby was arrested on the outstanding federal warrant issued by this Court.

characterize the previously-filed motion for conditional release as a motion for modification of conditional release.  Erby was present at the hearing with counsel, and he testified that he understood and agreed to abide by the proposed conditions of release (Doc. 71).  On November 22, 2013, the undersigned issued a Report and Recommendations to United States District Judge Fernando J. Gaitan recommending that Erby be released on modified conditions (Doc. 70). Judge Gaitan adopted the Report and Recommendations and ordered Erby released on modified conditions on November 27, 2013 (Doc. 72).  Erby was released from the Bureau of Prisons on December 12, 2013; he returned to Memphis, Tennessee (Doc. 73-1).

On June 2, 2014, the government filed a Notice of Violation and Request for Warrant based upon a violation report from the Probation Office in the Western District of Tennessee (Doc. 73).  The report indicated that on May 19, 2014, Erby was arrested in Memphis on charges of possession, manufacture, delivery, or sale of cocaine, crystal meth, and heroin, and possession of Cialis without a prescription, which constituted a violation of the condition of his release that he not commit another crime (Doc. 73-1).  The reporting officer stated that Erby's conduct presented a risk of physical harm to the community and a danger to society.  She submitted that Erby's continued release would create a "substantial risk of bodily injury to another person or serious damage to the property of others" and recommended that Erby's conditional release be revoked, and Erby remanded to federal custody for continued treatment (Doc. 73-1, pp. 3-4). The Court issued an order authorizing a warrant for Erby's arrest (Doc. 75).

On June 19, 2014, the government filed a Motion to Withdraw its Notice of Violation and Request for Warrant, informing the Court that Erby was being held on the drug charges in Tennessee, where state criminal proceedings were pending.  The government requested withdrawal of the request for warrant with leave to refile such a request, if appropriate, at the

conclusion of the state-court proceedings (Doc. 77). The Court granted the motion and withdrew the warrant on June 23, 2014 (Doc. 78).

*Erby's Petition for Writ of Habeas Corpus*

Erby filed the pending petition for writ of habeas corpus on September 11, 2013, prior to his conditional release in November 2013 and subsequent May 2014 arrest on drug charges in Tennessee. In the petition, Erby alleged his federal detention in 2013 violated the constitution (Doc. 1). He alleged specifically that his arrest in July 2013 on the November 2010 warrant was unlawful because he did not receive a hearing, and further that his continued commitment without a hearing violated due process. Erby's petition predated the government's November 18, 2013, motion for conditional release. In response to the motion for conditional release, Erby filed a Motion for Change of Venue in his habeas case on November 26, 2013 (Doc. 5). Erby alleged that the government filed the motion for conditional release with the intention of rendering moot his petition for writ of habeas corpus. He urged that upon conditional release he would still be subject to "criminal punishment" in the form of conditions by which he must abide. He specified, therefore, that he sought *unconditional* release in his habeas petition. He further asked that the Court transfer his case to the Western District of Tennessee.

*The Warden's Response*

On July 23, 2014, the undersigned issued an Order to Show Cause directing the Respondent to show cause in writing why the Petitioner should not be granted leave to proceed *in forma pauperis*, and why the relief requested by the Petitioner should not be granted (Doc. 8). Respondent argues Erby is not entitled to habeas corpus relief because 1) Erby's arrest and commitment pursuant to 18 U.S.C. § 4246 did not violate due process; 2) Erby is not entitled to unconditional release from his commitment; and 3) Erby did not properly and fully exhaust his

administrative remedies through the Federal Bureau of Prisons before filing his petition for writ of habeas corpus (Doc. 9).

## CONCLUSIONS OF LAW

Commitment under 18 U.S.C. § 4246 is appropriate when release of a federal prisoner would pose a substantial risk of bodily injury to another person or serious damage to the property of another. The government is required to show by clear and convincing evidence that the inmate suffers from a mental disease or defect; would be dangerous if released; and suitable state placement cannot be found. *See United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002). A district court holds the authority to revoke a grant of conditional release under 18 U.S.C. § 4246(f) for a defendant's "failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment" to the extent that "continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another." *See United States v. Franklin*, 435 F.3d 885, 890 (8th Cir. 2006). By the terms of section 4246(f), upon notice to the Court that a defendant has failed to comply with the conditions imposed upon his release, the defendant may be arrested and returned to the court having jurisdiction over him for a hearing to determine whether the person should be remanded to a suitable facility on the ground that "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another."

The undersigned has thoroughly reviewed the record, and recommends that Erby was lawfully confined pursuant to 18 U.S.C. § 4246 at the time he filed his petition. In reviewing the course of the events of his 2013 federal detention, the Court finds that Erby was afforded the full panoply of due process rights at each stage of the commitment and release process, including a psychological examination, a hearing where he was represented by counsel, and a right to testify

on his own behalf. Furthermore, Erby's detention for evaluation and subsequent conditional release occurred within the time frame contemplated by the statute. Under 18 U.S.C. § 4247(b), the government has forty-five (45) days to perform a psychological examination pursuant to § 4246. Here, the psychological examination was conducted thirty-six (36) days after Erby's return to USMCFP. The government's motion for conditional release was filed within a reasonable time thereafter, and the undersigned held a hearing on the motion the day after it was filed. The undersigned filed the Report and Recommendations three days after the hearing, and Judge Gaitan adopted the Report and Recommendations five days later. Notably, the Risk Assessment Panel conducted the psychological evaluation two days after Erby filed his habeas petition. In all, the process of evaluating Erby for necessity of continued confinement under section 4246 occurred swiftly. Moreover, the totality of his detention (between August 8, 2013, the day he was returned to USMCFP, and December 12, 2013, the day he was released) was not unreasonable. As such, the undersigned recommends that there exists no basis for granting the petition for writ of habeas corpus on the basis of Erby's due process challenge to his 2013 detention.[2]

The Court further finds no merit to Erby's contention that he should have been unconditionally released from confinement. Erby has a long-standing history of Schizophrenia. Although Erby has experienced some success in the community while medicated, he has also

---

[2] As raised by Respondent, it is also relevant that a judge in this district previously ruled on the constitutionality of Erby's 2013 federal detention in an action Erby filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Erby v. Sanders*, Case No. 13-3362-JFM (W.D. Mo. filed February 25, 2014). The Court dismissed Erby's due process claim with prejudice, finding that Erby received the required due process in his 2013 detention. Although not specifically urged by Respondent, the undersigned notes it is arguable that Erby would be precluded from raising the due process issue in this or any other subsequent action under the doctrine of collateral estoppel. *See Irving v. Dormire*, 586 F.3d 645 (8th Cir. 2009).

experienced periods of decompensation. Most recently, in May 2014, Erby was arrested after he was found with cocaine, crystal meth, heroin, and unauthorized prescription drugs, which demonstrates, at minimum, that Erby has been unable to comply with the conditions imposed upon his current release. Furthermore, Erby's use of illegal drugs increases the potential that his prescribed psychoactive medications will be less effective in treating his mental illness. By statute, unconditional release may occur only after a court finds by a preponderance of the evidence that a defendant has recovered from his mental disease or defect to such an extent that "his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(e)(1). No mental health professional has made any such recommendation, and there is no basis in the record upon which the court could make such a finding. As such, the undersigned recommends there is no merit to Erby's argument that he is entitled to unconditional release.

Finally, Respondent contends that Erby failed to properly exhaust his administrative remedies prior to filing the pending petition for writ of habeas corpus. The undersigned recommends that the Court need not address this argument, as Erby's due process claim may be disposed of on its merits, as detailed above.

## Conclusion

Accordingly, the undersigned finds no basis for granting the petition for writ of habeas corpus or unconditionally releasing Erby from his commitment pursuant to 18 U.S.C. § 4246. A review of the record demonstrates that Erby received the due process required under the constitution, and is properly subject to conditions of release under the statute. Therefore, the undersigned recommends that the petition for writ of habeas corpus be **DENIED** on its merits.

Based on all the foregoing, it is therefore **RECOMMENDED** that the petition for writ of habeas corpus filed by Petitioner Fred Erby be **DENIED**.

It is further **RECOMMENDED** that all pending motions be found **MOOT**.

**DATED: August 19, 2014**

     /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**